George W. Wingfield
    vs.      Eq. No. 10110.
Elizabeth Wingfield, et al.

June 6, 1930.

BLODGETT, P. J. Heard upon bill, answer and proof.

The bill is brought to sustain an alleged oral promise of Elizabeth Wingfield to complainant that in consideration of the turning over to her of the earnings of complainant, she would deposit same in a joint savings account which could be used by either or both of them in their old age.

Complainant alleges that he did turn over all of his earnings as agreed upon, but that respondent deposited same in her own name and refused to carry out said agreement.

Both are elderly people. They were married in 1914 and lived together until 1926, at which time they separated and have lived apart ever since.

Complainant's business was that of a book agent traveling on the road. Respondent kept a rooming house until the final separation.

At the time of the marriage respondent had an account in the Citizens' Savings Bank amounting to $1,325.01. This is the only bank account she has and at the time of the commencement of this action the entire balance of said account was $816.93. In addition she has 53 shares of Providence Gas Co. stock valued at about $1,500 but purchased by her for much less than its present value.

From the time of the separation in 1926 up to the commencement of this action in 1930, complainant never made any claim upon respondent as to the existance of this promise. Complainant claims that certain payments made to respondent by the firms which employed him, and made by his order, corroborate his statement of the promise. These payments extended from 1916 to 1922. The gross amount of the payments to respondent during this six-year period is about $3,700. The amount paid to complainant by his employer during this same period is $20,524 91 as shown in the books of the company.

During this period complainant was out on the road canvassing, and the

respondent carrying on a rooming house in Providence. The complainant was under legal obligation to support the respondent. The period during which he was under this obligation extends from 1914 to 1930, unless some agreement is shown to have been made between the parties which would relieve him of this duty. The promise relied on by complainant was made in 1914.

No recorded effort was made by the complainant to carry out his part of the alleged agreement except between 1916 and 1922. The duty of supporting respondent still rests upon complainant and only upon very positive proof can the Court find that such an agreement as alleged was made. Complainant says it was and respondent denies it. There was no witness to the agreement.

The complainant has not satisfied the Court from the preponderance of the evidence that the contract relied upon was made.

Bill is dismissed.

For complainant: Fergus J. McOsker.

For respondents: Curran, Hart, Gainer & Carr; Swan, Keeney & Smith; Henshaw, Lindemuth & Baker.